MOUNT, executor, etc., v. ELLINGWOOD, appellant.

*Counter-claim — accord and satisfaction.*

In an action upon a bond, the defendant set up, as a counter-claim, an account for professional services rendered the obligee. The plaintiff, in answer to the counter-claim, alleged that the bond was delivered as a full settlement, on a final accounting between the parties. The referee having found that the counter-claim accrued before the accounting took place, *held*, that it was barred by such settlement and the giving of the bond.

THIS action is upon a bond made and delivered by the defendant to Henry Placide, the plaintiff's testator. Defendant sets up a

counter-claim for services rendered as attorney at law of the testator. To the counter-claim, plaintiff interposed the statute of limitations as a bar, and also made plea that the bond was delivered as a full settlement on a final accounting between the defendant and the testator. The plea of the statute of limitations was not sustained, but the referee found, on a review of the evidence, in favor of plaintiff on the latter point. From the judgment entered on his report, this appeal is taken

*N. B. Sanborn*, for appellant.

*W. Cary Smith*, for respondent.

DAVIS, P. J. The referee found, as a matter of fact, that the counter-claim alleged by defendant accrued before the statement of the account made, prior to and at the execution of the bond, and he held, as a conclusion of law, that the claim "was barred by the accounts and settlement between the parties when the bond was given, and by the giving of the bond." I think the finding and conclusion of the referee were clearly right. The evidence not only justified but required the finding and the judgment should be affirmed.

DANIELS and DONOHUE, JJ., concurred.

*Judgment affirmed.*